

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00061-CV

## IN THE MATTER OF J.L.C., A JUVENILE

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. J05776**

## OPINION

J.L.C. appeals the trial court's Order Modifying Disposition—Determinate Sentence committing J.L.C. to the Texas Juvenile Justice Department for four years with a possible transfer to the Texas Department of Criminal Justice. We affirm.

J.L.C.'s appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The procedures set forth in *Anders* are applicable to appeals in juvenile proceedings. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998). Counsel advised J.L.C. and his guardian that counsel had filed the motion and brief pursuant to *Anders* and provided J.L.C. a copy of the record, advised J.L.C. and his guardian of the right to review the record and the right

to submit a response on J.L.C.'s behalf. *See id*. at 299. Neither J.L.C. nor his guardian submitted a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the appellate record for non-frivolous issues, including a review of the admonishments, waiver of jury trial, sufficiency of the petition, the plea, and the waiver of and right to an appeal in the initial adjudication and disposition hearings, and a review of the hearing, reasonableness of the sentence, and the sufficiency of the evidence in the modification hearing. After the review, counsel reluctantly concluded there was no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Having carefully reviewed the entire record and the *Anders* brief, we have determined that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Order Modifying Disposition—Determinate Sentence signed on February 14, 2018.

Counsel's motion to withdraw from representation of J.L.C. is granted, and counsel is discharged from representing J.L.C. in this appeal.[1] Should J.L.C. wish to seek further review of this case by the Texas Supreme Court, he or his guardian must either retain an attorney to file a petition for review or must file a pro se petition for review. No substitute counsel will be appointed. Any petition for review must be filed within 45 days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 53.7. Any petition and all copies of the petition for review must be filed with the Clerk of the

---

[1] Although some courts have decided to extend the decision in *In re P.M.* to *Anders* appeals in juvenile cases, we do not. *See, e.g. In re C.F.*, No. 03-18-00008-CV, 2018 Tex. App. LEXIS 4128 *2 fn.1 (Tex. App.—Austin June 8, 2018, no pet. h.) (mem. op.); *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.); *In re A.C.*, Nos. 01-15-00931-CV, 01-15-00932-CV, 01-15-00933-CV, 2016 Tex. App. LEXIS 4285 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem. op.). First, whereas the statutes in the Family Code governing the appointment of counsel and counsel's continued representation in State-initiated termination cases provide no alternative but to appoint counsel and retain appointed counsel until the appellate process is final, *see* TEX. FAM. CODE ANN. §§ 107.013; 107.016 (West 2014), the statutes in the Juvenile Justice Code are different. *See* TEX. FAM. CODE ANN. §§ 51.10; 51.101 (West 2014). There are different situations in which a juvenile may or must be represented by counsel. *Id*. Counsel may even be waived in certain situations. *See id*. § 51.10. And, when counsel is appointed, counsel is not always required to represent the child until "the case is terminated." When a motion or petition is filed seeking to modify a disposition by committing the child to the Texas Juvenile Justice Department, as we have in this case, appointed counsel continues to represent the child only "until the court rules on the motion or petition…." *Compare* TEX. FAM. CODE ANN. § 51.101 (a), (b), and (d) with (e) (West 2014). Second, the Texas Supreme Court has already addressed whether the child is required to be represented by counsel after a court in an *Anders* appeal has determined the appeal to be frivolous when it decided to extend the *Anders* procedures to juvenile cases. *See In re D.A.S.*, 973 S.W.2d 296 (Tex. 1998). When determining whether to extend *Anders* to juvenile cases, the Supreme Court noted that the court of appeals was reluctant to allow an attorney to withdraw because the juvenile, unlike a criminal defendant, could not then proceed pro se. *Id*. at 299. The Supreme Court determined, however, that "this limitation should not be an impediment to extending *Anders* to juvenile cases." *Id*. It reasoned that if after an attorney and the court of appeals determines the appeal is without merit counsel is permitted to withdraw, the "juvenile would then have the ability to advance his or her appeal through a parent, legal guardian, next friend, or guardian ad litem." *Id*. This basic maxim has not changed over the years. Accordingly, for these reasons, this Court will continue to follow the Texas Supreme Court's decision in *In re D.A.S.* rather than extending the Texas Supreme Court's decision in *In re P.M.* to *Anders* appeals in juvenile cases.

Supreme Court. *Id.* Any petition for review should comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 53.2.

Notwithstanding counsel's discharge, counsel must send J.L.C. and his guardian a copy of our decision, notify them of J.L.C.'s right to file a pro se petition for review. *See In re Schulman*, 252 S.W.3d at 409 n.22. Because a juvenile proceeding is quasi-criminal in nature, we will also require counsel to send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. *See* TEX. R. APP. P. 48.4.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 8, 2018
[CV06]